

STATE OF NEBRASKA
## Office of the Attorney General

2115 STATE CAPITOL BUILDING
LINCOLN, NE 68509-8920
(402) 471-2682
TDD (402) 471-2682
CAPITOL FAX (402) 471-3297
TIERONE FAX (402) 471-4725

**JON BRUNING**
ATTORNEY GENERAL

**J. KIRK BROWN**
SOLICITOR GENERAL

April 22, 2011

U.S. District Court Clerk
Denise M. Lucks
Roman L. Hruska U.S. Courthouse
111 S. 18th Plaza, #1152
Omaha, NE  68102

Re:  Carey Dean Moore

Dear Ms. Lucks,

This is to inform you that the Nebraska Supreme Court has issued an execution warrant for the above noted prisoner.  The execution date is June 14, 2011.  We attach a copy of the order and execution warrant issued April 21, 2011.

If you have any questions please contact the undersigned.

Sincerely,

JON BRUNING
Attorney General

J. Kirk Brown
Solicitor General
Nebraska Department of Justice
402-471-2644

Printed with soy ink on recycled paper

IN THE SUPREME COURT OF THE STATE OF NEBRASKA

| | |
|---|---|
| State of Nebraska,          ) | |
|                             ) | Case No. S-95-0485 |
|     Appellee,               ) | |
|                             ) | |
| v.                          ) | FILED |
|                             ) | ORDER |
| Carey Dean Moore,           ) | APR 21 2011 |
|                             ) | |
|     Appellant.              ) | CLERK |
| | NEBRASKA SUPREME COURT |
| | COURT OF APPEALS |

Pending before the Court are the following motions, replies and responses of the parties herein, Appellee, State of Nebraska and Appellant, Carey Dean Moore:

Appellee's "MOTION TO LIFT STAY AND SET EXECUTION DATE" filed January 24, 2011;
Appellant's "MOTION FOR REMAND TO DISTRICT COURT FOR EVIDENTIARY HEARING" filed March 4, 2011;
Appellee's "OPPOSITION TO MOTION FOR REMAND TO DISTRICT COURT FOR EVIDENTIARY HEARING;"
Appellant's "REPLY TO STATE'S OBJECTION TO REMAND;"
Appellant's "MOTION FOR DISCOVERY ORDER REF: EVIDENTIARY HEARING" filed March 18, 2011;
Appellee's "RESPONSE TO MOTION FOR DISCOVERY;"
Appellant's "MOTION FOR ORAL ARGUMENT REF: PENDING MOTIONS INVOLVING EXECUTION" filed March 24, 2011;
Appellant's "MOTION FOR DISCOVERY/SUBMIT NEW EVIDENCE ON APPEAL (Ref: noncompliance 21 U.S.C. § 301 et seq., & 21 U.S.C. § 822.)" filed March 24, 2011;
Appellee's "STATE'S OPPOSITION TO SECOND MOTION FOR DISCOVERY;"
Appellant's "REPLY TO STATE'S OPPOSITION TO MOTION DISCOVERY/SUBMIT EVIDENCE;" and
Appellant's "MOTION RE: SUBMISSION OF ADDITIONAL EVIDENCE ON APPEAL" filed April 21, 2011.

The current proceedings were initiated by the State's motion to lift the stay of execution issued by this Court on May 2, 2007, in *State v. Moore*, 273 Neb. 495 (2007), and to set a new execution date to carry out the death sentences affirmed by this Court in *State v. Moore*, 250 Neb. 805 (1996), *as modified* by 251 Neb. 162 (1996).

1

In response to the State's motion, Appellant initially filed a motion to remand this case to the district court for an evidentiary hearing on issues relating to the constitutionality and validity of the Nebraska lethal injection protocol. The "Execution Protocol" at issue was promulgated and adopted subsequent to enactment of L.B. 36 in 2009, now codified in part at Neb. Rev. Stat. § 83-964 et seq., which established lethal injection as Nebraska's sole method of execution. Neb. Rev. Stat. § 83-965 charged the Nebraska Department of Correctional Services (hereinafter DCS) with a duty to create and maintain a lethal injection execution protocol in death penalty cases. Such "Execution Protocol" was filed with the Secretary of State on February 10, 2010.

Relying on *State v. Mata*, 275 Neb. 1 (2008), Appellant argues in support of his motion to remand that this Court has no jurisdiction to rule on the State's motion and set an execution date in the absence of proof by the State that Nebraska's method of execution is "constitutionally acceptable." Such a broad interpretation of our holding in *Mata* is unwarranted.

In *Mata*, we stated that "[w]hen the State moves that an execution date be set, in addition to the other requirements for such a motion, the State should allege, and be prepared to demonstrate, that a constitutionally acceptable method of carrying out Mata's sentence is available." *Id.* at 68-69. But this standard was not intended to require proof at an evidentiary hearing before the Nebraska Supreme Court. There is no procedure in the Nebraska Supreme Court in which to hold an evidentiary hearing or adjudicate the merits of the claims challenging Nebraska's lethal injection statutes or execution protocol. Because the State has alleged that Nebraska's lethal injection statutes are "constitutionally acceptable," and since statutes are presumed to be constitutional, *Yant v. City of Grand Island*, 279 Neb. 935 (2010), we conclude that the State has met its pleading burden under *Mata*.

2

In *Baze v. Rees*, 553 U.S. 35, 128 S. Ct. 1520, 170 L. Ed. 2d 420 (2008), the U.S. Supreme Court upheld a protocol which the State has alleged is substantially similar to the Nebraska protocol. We conclude that this allegation of the general similarity between protocols for lethal injection in Nebraska and the protocol in *Baze* is sufficient to satisfy the *Mata* standard.

We recognize that there may be factual differences among lethal injection statutes and protocols of the various states that give rise to a constitutional challenge. But in those circumstances, the condemned prisoner should follow the procedures such as have been used in other states to obtain an evidentiary hearing.

For example, in *Baze v. Rees*, *supra*, the challenge to Kentucky's lethal injection protocol began as a declaratory judgment action filed by death row inmates in that state's trial court. See, *Baze v. Rees*, 2005 WL 5797977 (Ky. Cir. Ct. 2005); aff'd on appeal, *Baze v. Rees*, 217 S.W.3d 207 (Ky. 2006). See also, *Arkansas Dept. of Corrections v. Williams*, 2009 Ark. 523, 2009 WL 4545103(2009); *Brown v. Vail*, 237 P.3d 263 (Wash. 2010).

In Florida, a death row inmate filed a "successive post-conviction" action, under the "newly discovered evidence" provisions of Fla. R. Crim. Pro. 3.851, in which he challenged the constitutionality of Florida's lethal injection protocol. *Ventura v. State*, 2 So.3d 194 (Fla. 2009). See also, *Schwab v. State*, 995 So. 2d 922 (Fla. 2008).

Challenges to state lethal injection protocols have also been brought in federal court as civil rights actions pursuant to 42 U.S.C. § 1983. See, *Hill v. McDonough*, 547 U.S. 573, 576, 126 S. Ct. 2096, 165 L. Ed. 2d 44 (2006) (inmate may properly challenge a state's method of execution under § 1983). See also, *Dickens v. Brewer*, 631 F.3d 1139, 1146 (9th Cir. 2011)(§ 1983 action challenging Arizona's lethal injection protocol); *Raby v. Livingston*, 600 F. 3d 552 (5th Cir. 2010) (§ 1983 challenge to Texas lethal injection protocol); *Nooner v. Norris*, 594 F. 3d 592 (8th Cir. 2010) (Arkansas

3

lethal injection protocol challenged in § 1983 action); *Jackson v. Danberg*, 594 F. 3d 210 (3rd Cir. 2010) (Delaware lethal injection protocol challenged in § 1983 action); *Clemons v. Crawford*, 585 F. 3d 1119 (8th Cir. 2009) (Missouri lethal injection protocol challenged in § 1983 action); *Chester v. Beard*, 657 F. Supp. 2d 534 (M.D. Pa. 2009) (Pennsylvania lethal injection protocol challenged in § 1983 action).

Additionally, a challenge to the constitutionality of Ohio's lethal injection protocol arose before that state's highest court by way of a certified question from an Ohio federal district court after the inmate filed a federal habeas action. *Scott v. Houk*, 939 N.E.2d 835 (Ohio 2010).

As noted above, the State has moved to set an execution date based on the Legislature's enactment of statutes in 2009 establishing lethal injection as the sole method of carrying out the death penalty in Nebraska and the creation and adoption by DCS of an execution protocol for carrying out a death sentence by lethal injection in 2010.

A Nebraska statute is presumed to be constitutional and the burden of establishing its unconstitutionality is on the one attacking its validity. *Yant v. City of Grand Island, supra.*

Likewise, rules and regulations of administrative agencies are also presumed valid. Section 84-906(1) of the Administrative Procedure Act (APA), provides that "[t]he filing of any rule or regulation shall give rise to a rebuttable presumption that it was duly and legally adopted." This presumption is consistent with the rule that in considering the validity of rules and regulations, courts generally will presume that rulemaking bodies, in enacting ordinances or rules, acted within their authority, and the burden rests on those challenging their validity to prove otherwise. *Jacobson v. Solid Waste Agency of Northwest Nebraska*, 264 Neb. 961 (2002); *Wagoner v. Central Platte Nat. Resources District*, 247 Neb. 233 (1995) (rebuttable presumption of validity attaches to actions

of administrative agencies and burden of proof rests with party challenging agency's actions).

The State's "Motion to Lift Stay and Set Execution Date" seeks an order pursuant to this Court's continuing jurisdiction in death penalty cases, *State v. Moore*, 273 Neb. 495, 496-97 (2007), setting a date certain for execution of the sentences of death upon Appellant. The subject matter of the proceeding pending herein is not one which the Nebraska Supreme Court may "remand" to a district court. For that reason, and the other reasons stated above, Appellant's motion to remand must be denied.

IT IS THEREFORE HEREBY ORDERED that Appellant's "MOTION FOR REMAND TO DISTRICT COURT FOR EVIDENTIARY HEARING" is denied.

IT IS FURTHER ORDERED that the State's "MOTION TO LIFT STAY AND SET EXECUTION DATE" is hereby granted and an execution warrant shall issue by separate order of this Court.

IT IS ORDERED that Appellant's "MOTION FOR DISCOVERY ORDER REF: EVIDENTIARY HEARING" filed March 18, 2011; "MOTION FOR ORAL ARGUMENT REF: PENDING MOTIONS INVOLVING EXECUTION" filed March 24, 2011; and "MOTION FOR DISCOVERY/SUBMIT NEW EVIDENCE ON APPEAL (Ref: noncompliance 21 U.S.C. § 301 et seq., & 21 U.S.C. § 822.)" filed March 24, 2011, and the "MOTION RE: SUBMISSION OF ADDITIONAL EVIDENCE ON APPEAL" filed April 21, 2011, are overruled.

Dated this 21st day of April, 2011.

BY THE COURT:

Michael G. Heavican, Chief Justice

IN THE SUPREME COURT OF THE STATE OF NEBRASKA

| | |
|---|---|
| State of Nebraska, ) | |
|       Appellee, ) | Case No. S-95-0485 |
| ) | |
| v. ) | FILED |
| ) | EXECUTION WARRANT    APR 21 2011 |
| Carey Dean Moore, ) | |
| ) | CLERK |
|       Appellant. ) | NEBRASKA SUPREME COURT |
| | COURT OF APPEALS |

TO: ROBERT P. HOUSTON, NEBRASKA DIRECTOR OF CORRECTIONAL SERVICES

THIS MATTER came on for consideration on this 21st day of April, 2011, on Appellee's "MOTION TO LIFT STAY AND SET EXECUTION DATE" filed on January 24, 2011, for the termination of the stay of execution issued by this Court, the fixing of a date of execution, and issuance of a death warrant for Appellant, Carey Dean Moore.

WHEREUPON, Appellant was tried and convicted before the District Court for Douglas County, Nebraska, and was sentenced to death for each of two convictions of first degree murder. Appellant's sentences of death, upon resentencing by a three-judge panel of the District Court for Douglas County, were affirmed by this Court on September 27, 1996, following mandatory direct review pursuant to Neb. Rev. Stat. § 29-2525. *State v. Moore*, 250 Neb. 805, *as modified by* 251 Neb. 162 (1996).

WHEREUPON, it appearing to the Court that no stay has issued by a court of the United States prohibiting the fixing of an execution date, nor is there pending any action in the courts of the State of Nebraska challenging Appellant's conviction or sentence, and

WHEREUPON, the Court finds that Tuesday, June 14th, 2011, should be set as the date of execution.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the stay entered by this Court on May 2, 2007, is terminated and Tuesday, June 14th, 2011, is hereby fixed as the date to carry said sentences of death into execution.

IT IS FURTHER ORDERED that Robert P. Houston, Director of Correctional Services, shall proceed on Tuesday, June 14th, 2011, between the hours of 12:01 a.m. and 11:59 p.m. to carry said sentence of death into execution by administering to Appellant, Carey Dean Moore, an intravenous injection of a substance or substances in a quantity sufficient to cause death, as provided by Nebraska law.

IT IS FURTHER ORDERED that the Director of Correctional Services shall make return of the manner of your execution of this warrant and your proceedings thereon to the Clerk of the District Court for Douglas County, Nebraska.

IT IS FURTHER ORDERED that the Clerk of the Nebraska Supreme Court shall forthwith prepare and certify under her hand and seal of this Court a full, true and current copy of this Warrant, and cause the same to be delivered to the Director of Correctional Services.

DATED this 21st day of April, 2011.

BY THE COURT:

*[signature]*

Michael G. Heavican, Chief Justice

STATE OF NEBRASKA
NEBRASKA SUPREME COURT

I, Lanet S. Asmussen, Clerk of the Nebraska Supreme Court, hereby certify the above and foregoing two (2) pages to be a full and true copy of the Execution Warrant of Carey Dean Moore, filed by said Supreme Court in the above-entitled action on this 21st day of April, 2011.

IN WITNESS WHEREOF, I hereunto set my hand and affix the official seal of the Supreme Court of the State of Nebraska this 21st day of April 2011.

Lanet S. Asmussen, Clerk
Nebraska Supreme Court